# EXHIBIT B

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.   CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>FIFTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>PALM BEACH</u>   COUNTY, FLORIDA

<u>Dajaun Alphonse</u>
Plaintiff                                                                                    Case # _____

                                                                                                   Judge _____

vs.

<u>Equifax Information Services LLC</u>
  Defendant

### II.   AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☒  $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☐ over $100,000.00

### III.   TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

NOT A CERTIFIED COPY

- 2 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
       ☐ Business governance
       ☐ Business torts
       ☐ Environmental/Toxic tort
       ☐ Third party indemnification
       ☐ Construction defect
       ☐ Mass tort
       ☐ Negligent security
       ☐ Nursing home negligence
       ☐ Premises liability—commercial
       ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
       ☐ Commercial foreclosure
       ☐ Homestead residential foreclosure
       ☐ Non-homestead residential foreclosure
       ☐ Other real property actions

☐ Professional malpractice
       ☐ Malpractice—business
       ☐ Malpractice—medical
       ☐ Malpractice—other professional
☐ Other
       ☐ Antitrust/Trade regulation
       ☐ Business transactions
       ☐ Constitutional challenge—statute or ordinance
       ☐ Constitutional challenge—proposed amendment
       ☐ Corporate trusts
       ☐ Discrimination—employment or other
       ☐ Insurance claims
       ☐ Intellectual property
       ☐ Libel/Slander
       ☐ Shareholder derivative action
       ☐ Securities litigation
       ☐ Trade secrets
       ☐ Trust litigation

**COUNTY CIVIL**

☒ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

NOT A CERTIFIED COPY

☐ Replevins
☐ Evictions
 ☐ Residential Evictions
 ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV. REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V. NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

 1

**VI. IS THIS CASE A CLASS ACTION LAWSUIT?**
 ☐ yes
 ☒ no

**VII. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
 ☒ no
 ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
 ☒ yes
 ☐ no

**IX. DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
 ☐ yes
 ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Cortney Elizabeth Walters  Fla. Bar # 125159
   Attorney or party      (Bar # if attorney)

Cortney Elizabeth Walters     07/09/2026
 (type or print name)     Date

- 3 -

# IN THE COUNTY COURT OF
## PALM BEACH COUNTY, FLORIDA

| | |
|---|---|
| **DAJAUN ALPHONSE** | ) |
| | ) |
| **Plaintiff,** | |
| | ) |
| **v.** | )     **Case No.** |
| | ) |
| **EQUIFAX INFORMATION SERVICES, LLC** | ) |
| | ) |
| **Defendant.** | |

---

## COMPLAINT

### INTRODUCTION

1.     This is an action for actual and statutory damages brought by Plaintiff, Dajaun Alphonse (Plaintiff"), an individual consumer, against Defendant Equifax Information Services, LLC, for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (hereinafter "FCRA"), stemming from its failure to ensure accurate, complete, and verifiable information on Plaintiff's credit report.

### JURISDICTION AND VENUE

2.     Personal jurisdiction exists over Defendant as Defendant has the necessary minimum contacts with the state of Florida. This suit arises directly from Defendant's specific conduct with Plaintiff.

### PARTIES

3.     Plaintiff is a natural person residing in Florida.

4.     Plaintiff is a *Consumer* as defined by 15 U.S.C § 1681a(c).

1

NOT A CERTIFIED COPY

5.      Equifax is a Georgia corporation, with a primary business address of 1550 Peachtree Street NW, Atlanta, GA 30309.

6.      Equifax is registered to conduct business as a foreign corporation in the State of Florida, where its Registered Agent is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

7.      Equifax is a nationwide *Consumer Reporting Agency* ("**CRA**") within the meaning of 15 U.S.C. § 1681a(f).

<u>**Equifax's Disclosure was Incomplete, Unclear, or Inaccurate:**</u>

<u>**Omission of Original Creditors**</u>

**8.**      On or about June 25, 2026, Plaintiff requested a copy of her consumer disclosure from Equifax.

**9.**      Pursuant to 15 U.S.C. § 1681g(a), upon receiving Plaintiff's request, Equifax was legally required to provide a clear and accurate disclosure of all information in Plaintiff's file as of the date of the request, with the exception that Plaintiff's Social Security number could be truncated upon request.

**10.**      Equifax furnished an electronic copy of Plaintiff's Consumer Credit Disclosure (hereinafter 'the Disclosure') to her, accessible from her residence in Florida.

**11.**      Despite its statutory obligation to provide a complete and accurate disclosure of all information in Plaintiff's consumer file, Equifax's Disclosure omitted critical information required under 15 U.S.C. § 1681g.

**12.**      The Disclosure reported one account in Plaintiff's consumer file categorized as 'Credit Accounts' as evidenced by **Plaintiff's Exhibit A**, attached hereto.

NOT A CERTIFIED COPY

2

**13.**     In the Disclosure, Equifax classified accounts labeled as 'Credit Accounts' are types of credit accounts, such as revolving accounts, mortgage accounts, and any other installment loans or open lines of credit", as set forth in **Plaintiff's Exhibit A**, attached hereto.

**14.**     The accounts appearing in the "Credit Accounts" section were reported by:

- LVNV Funding, LLC ("LVNV")

**15.**     LVNV is a Debt Buyer- a company whose primary purpose is the purchase and collection of debts that were originally owed to third parties.

**16.**     LVNV does not originate credit lines or loans, and as such cannot be considered an original creditor.

**17.**     However, Equifax disclosed to Plaintiff that LVNV was the original creditor of the account, omitting the actual name of the *Original Creditor.*

18.     According to the Consumer Data Industry Association ("CDIA"), the industry-leading organization for furnishers and consumer reporting agencies, the "original creditor is required for collection agencies" and "must be present each time the account is reported."

19.     Further, the CDIA states the "purpose of reporting the original creditor name is to help consumers identify the source of accounts when they appear on credit reports."

20.     Continuing, the CDIA notes that "[w]ithout the original creditor names, consumers may not know what the accounts represent." ***See Exhibit B***

21.     Thus, Equifax knows that it is required to report the original creditor's name and that its failure to do so is causing the consumer not to recognize the account.

22.     Notably, the two other national credit reporting agencies, Trans Union and Experian, have abided by the CDIA's edicts and implemented procedures that assure the original creditor name is included in all collection accounts that appear in their reports.

3

23.     If Equifax had made the same investment in its procedures that were made by both Experian and Trans Union, then Equifax's credit reports would not be produced with collection accounts that do not contain the original creditor's name.

24.     Nonetheless, Equifax continues to knowingly omit the original creditor's name because Equifax does not want to incur the costs of implementing a procedure to correct the debt collector's misclassification of the account.

25.     While Equifax does not want to incur the cost of correcting the problem, Equifax continues to accept information from these unreliable debt collectors because the debt collectors are a significant source of income for Equifax.

26.     Equifax has conducted a cost-benefit analysis on whether to incur the costs to fix the error or to apportion a small percentage of those would-be costs to litigating claims brought by aggrieved consumers who fell victim to its conduct.

27.     In choosing to litigate rather than correct, Equifax was motivated to adopt and act on an interpretation of section 1681g that gave it grounds to litigate a defense against the claims that consumers were bound to bring against Equifax for its intentional violations of the FCRA.

28.      Because the language in section 1681g and the obligations of a consumer reporting agency that arise from the said language are unambiguous, to give a cover to an otherwise indefensible defense, Equifax had to purposely adopt a reading of § 1681g that contravened the clear objective and instruction of the statute.

29.      To achieve its purpose of adopting an interpretation of § 1681g that gave it cover and/or plausible denial, Equifax reads in an accuracy obligation into § 1681g where there is absolutely no language to support such a reading.

4

30. More specifically, while the statute clearly reads "All information in the consumer's file at the time of the request" must be "clearly and accurately disclose[d] to the consumer," § 1681g(a)(1)(A), Equifax claims that § 1681g only covers inaccurate information.

31. The Supreme Court has instructed persons interpreting the FCRA to assure that the adopted interpretation has a foundation based in the language of the statute. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69 (2007).

32. There is no language in § 1681g to support Equifax's interpretation that § 1681g governs only information that is inaccurate.

33. Further, the Supreme Court has instructed anyone governed by the FCRA to heed the warnings and/or holdings of the circuit courts of appeals when it comes to interpreting duties under the FCRA. And the Second Circuit stated, albeit in an unpublished opinion, that "§ 1681g requires consumer reporting agencies to 'clearly and accurately disclose ... [*a*]*ll* information,' not *all accurate information.*" *Selvam v. Experian Information Solutions, Inc.*, 651 Fed. Appx. 29, 33 (2d Cir. 2016) (citing 15 U.S.C. § 1681g(a) (emphasis in original).

34. The *Selvam* opinion was rendered in 2016, so Equifax has been on notice, from the Second Circuit, that its interpretation of section 1681g(a) was inaccurate for nearly 10 years.

35. Additionally, during that same time period, in 2015, Equifax was sued by the Ohio Attorney General and 30 other state attorney generals for, among other things, failing to report the original creditor. More particularly, as a result of the state attorneys' litigation, Equifax agreed to "revise training materials and adopt policies and procedures to notify and instruct Collection Furnishers that the name of the Original Creditor … [is a] mandatory reporting

5

requirement[], and [Equifax] shall reject data that is not provided with the name of the Original Creditor."[1]

36.     Moreover, Equifax has *direct* knowledge that its decision to omit the identity of original creditors when reporting a collection account is causing serious harm to consumers. In a recent lawsuit in the Middle District of Florida, Equifax admitted that its failure to report the name of the original creditor in collection accounts have led to "numerous other lawsuits filed against Equifax." *Clarke v. Equifax Information Services, LLC*, No. 8:25-cv-01499-JSM-AAS, ECF No. 20, fn. 1 (M.D. Fla. Oct. 1, 2025) (citing *Aguirre v. Equifax Information Services LLC*, 0:25-cv-61099-AHS, ECF No. 1, (S.D. Fla. June 3, 2025); *Williams El v. Equifax Information Services LLC*, 8:25-cv-01930-JRR, ECF No. 1, (D. Md. June 16, 2025); *Madaris v. Equifax Information Services LLC et al.*, Case No. 1:25-cv-00503-JPH-SKB, ECF No. 1, (S.D. Ohio June 17, 2025).

37.     And based on a review of cases filed against Equifax in Pacer, consumers have been filing lawsuits against Equifax for failing to report the original creditor for years.

38.     Considering Equifax has not corrected this error after being sued by consumers for many years, the costs of litigating these lawsuits for Equifax have not been sufficient to deter it from continuing to violate the FCRA.

39.     Therefore, a substantial punitive damages award is in tow to be levied against Equifax so that Equifax is actually deterred from violating the FCRA in the future.

**Omission of Complete Account Numbers**

40.     To further complicate Plaintiff's report, Equifax omitted full account numbers for thirty accounts.

---

[1]https://www.ohioattorneygeneral.gov/Files/Briefing-Room/News-Releases/Consumer-Protection/2015-05-20-CRAs-AVC.aspx

41.     Notably, Equifax includes full account numbers and or original creditor name when it provides credit reports to third parties, which demonstrates its capacity to comply with 15 U.S.C. § 1681g(a).

42.     The data furnishers provided complete account numbers to Defendant for the tradelines in question, which were included in Plaintiff's consumer file at the time Plaintiff requested the Disclosure.

43.     Equifax's failure to disclose full account numbers in the Disclosure to Plaintiff violates 15 U.S.C. § 1681g(a), which requires a consumer reporting agency to clearly and accurately disclose all information in the consumer's file, as recognized in *Washington v. Equifax*, Case No. 3:19-cv-00154 (M.D. Tenn. June 12, 2019). ("The plain language of the FCRA requires that the consumer reporting agency shall clearly and accurately disclose to the consumer '[a]ll information in the consumer's file at the time of the request.' 15 U.S.C. § 1681g. In the absence of binding authority stating that a truncated account number is a clear and accurate disclosure, the Court finds that Plaintiff has stated a plausible claim for a violation of Section 609 of the FCRA.")

44.     The failure of an entity to provide accurate and truthful information as required by law creates an injury-in-fact, thus creating standing pursuant to Article III. *See, e.g., Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), holding "alleged injury to (plaintiff's) statutorily created right to truthful housing information" was a cognizable injury in and of itself, regardless of whether the plaintiff actually hoped to reside in the defendant's housing complex; therefore "the Art. III requirement of injury in fact [was] satisfied.

45.     Furthermore, a 2000 FTC Advisory Opinion (Darcy, June 30, 2000) confirms that a consumer reporting agency's routine truncation of account numbers fails to provide the clear

7

and accurate disclosure of all information in the consumer's file required by 15 U.S.C. § 1681g(a), as evidenced by **Plaintiff's Exhibit C,** attached hereto.

46.     The omission of full account numbers in the Disclosure caused Plaintiff significant emotional distress and difficulty in understanding and verifying her consumer file against her personal records.

47.     Equifax's omission of the original creditor and full account numbers greatly decreases a consumer's ability to understand their consumer credit disclosure, identify the accounts, and compare those accounts with their own records.

## COUNT I
## VIOLATIONS OF THE FCRA 15 U.S.C. § 1681g

48.     Plaintiff re-alleges and incorporates all factual allegations in the Complaint as if fully set out herein.

49.     Pursuant to 15 U.S.C. § 1681g(a)(1), CRAs are mandated to provide a consumer with all information in the consumer's file upon request from the consumer.

50.     Equifax violated § 1681g(a)(1), by failing to provide the Plaintiff with all information in her file after he requested it.

51.     Equifax violated § 1681g(a)(1) by failing to provide Plaintiff with the original creditor name for certain collection accounts.

52.     Equifax knowingly provided unclear and inaccurate information in Plaintiff's disclosure. As it is aware of these issues, which have been identified and disputed by other consumers for years.

8

53.    Equifax is therefore liable to Plaintiff, pursuant to 15 U.S.C. § 1681n, for the greater of her actual damages and statutory damages of up to $1,000 per violation, plus attorneys' fees and costs.

54.    Alternatively, Equifax's conduct was negligent, and Equifax is therefore liable to Plaintiff, pursuant to 15 U.S.C. § 1681o, for her actual damages, plus attorneys' fees and costs.

**WHEREFORE**, Plaintiff respectfully demands a jury trial and requests that this Honorable Court enter judgment against Equifax for:

a.    Actual damages;

b.    Statutory damages;

c.    Punitive damages;

d.    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and 1681o;

e.    Such other relief that this Court deems just and proper.

Respectfully submitted by:

/s/Cortney Walters
Cortney Walters, Esq.
Florida Bar No. 125159
pleadings@cewlawoffice.com
The Law Office of Cortney E. Walters, PLLC
2719 Hollywood Blvd., Suite A-1969
Hollywood, FL 33020
Telephone: (954) 874-8022
*Attorneys for Plaintiff*

9

# EXHIBIT A
## Plaintiff's Equifax Disclosure



E

# EXHIBIT B

10

# Credit Reporting Resource Guide, Original Credit Name Excerpt

## Field Definitions

### K1 Segment
### Original Creditor Name

The K1 Segment must be present each time the account is reported by collection agencies, debt buyers, check guarantee companies, student loan guaranty agencies, and the U.S. Department of Education. **The purpose of reporting the original creditor name is to help consumers identify the source of accounts when they appear on credit reports.** Without the original creditor names, consumers may not know what the accounts represent.

Some state laws and CDIA policy stipulate that the original client/creditor must be identified. Federal law stipulates that the name of the payee must be identified when reporting returned checks.

Only one occurrence of the K1 Segment can be appended to the Base Segment. If not applicable, do not report the K1 Segment.

| FIELD | FIELD NAME & DESCRIPTION | 366 and 426 FORMATS | | |
| --- | --- | --- | --- | --- |
| | | Length | Position | Recording Technique |
| 1 | **Segment Identifier**<br>Contains a constant of **K1**. | 2 | 1-2 | AN |
| 2 | **Original Creditor Name**<br>The content of this field is dependent on the type of reporter.<br><br>Collection Agencies: Report the name of the company/creditor that originally opened the account for the consumer, even if the account had been turned over to multiple collection agencies.<br><br>Debt Buyers: Report the name of the company/creditor that originally opened the account for the consumer, even if the account had been sold multiple times to different debt buyers. Refer to the K2 Segment for "purchased from" information.<br><br>Companies Reporting Returned Checks: Report the name of the payee; i.e., name of company to which the check was written. Refer to Frequently Asked Question 16 for additional guidelines on reporting returned checks.<br><br>Student Loan Guarantors/U.S. Department of Education: Report the name of the original student loan lender.<br><br>One of the following three options should be used when reporting a creditor's name that would reveal sensitive information about the consumer.<br><br>1. Report the name of the institution, but do not include reference to the type of service. For example, use the hospital name without identifying that it was the psychiatric unit that provided care. If a hospital's name reveals sensitive information, abbreviate the name.<br><br>2. Use the corporate name if it is different from the commercial name of a mental institution or drug rehabilitation center.<br><br>3. Do not report the account if either of the above two options would not sufficiently protect the consumer's privacy.<br><br>**Note: Encoded information is not acceptable in this field.** | 30 | 3-32 | AN |

Copyright 2011 © Consumer Data Industry Association

11

# EXHIBIT C
## FTC's Opinion Letter



**FEDERAL TRADE COMMISSION**
PROTECTING AMERICA'S CONSUMERS

## Advisory Opinion to Darcy (06-30-00)

June 30, 2000

Denise A. Darcy, Esq.
Asst. General Counsel
TRANS UNION
555 West Adams Street
Chicago, Illinois 60661

Dear Ms. Darcy:

This responds to your letter dated concerning whether the Fair Credit Reporting Act ("FCRA") allows Trans Union or another consumer reporting agency ("CRA"), for security purposes, to "truncate, scramble or mask the account number and social security number" when making file disclosures to consumers. You report that such a procedure has been recommended to you by a consumer who was recently the victim of account takeover fraud by a perpetrator who fraudulently procured the individual's Trans Union file by impersonating the consumer. You state: "While some creditors truncate or scramble the data before they supply it to us, not all do; therefore, many of the account numbers on our file are complete and accurate, and that is what we disclose to the consumer."

Section 609(a)(1) of the FCRA states that CRAs, including major credit bureaus such as Trans Union, "shall, upon request (by a consumer), clearly and accurately disclose to the consumer . . . *All information* in the consumer's file at the time of the request" (emphasis added). If the "information in the consumer's file at the time of the request" includes account and social security numbers, the provision thus normally requires that the CRA "clearly and accurately" include such items in its disclosure to consumers. However, because the trigger for a file disclosure is a "request" by a consumer, a CRA may allow consumers (such as the individual in your letter) to choose truncation or other security measures in their own file disclosure. In other words, although Section 609 provides consumers with a right to *all information* in the file, a CRA may provide a method for the consumer to ask for less than all information and then comply with that "request" when it makes the disclosure.

In sum, it is our view that a CRA that always scrambles or truncates account (or social security) numbers does not technically comply with Section 609 because it does not provide "accurate" (and perhaps not "clear") disclosure of "all information" in the file. However, if a consumer's "request" for a file disclosure is framed so as to allow some items in the file to be abbreviated or revised in that fashion, a CRA making such a disclosure would comply with Section 609.

The opinions set forth in this informal staff letter are not binding on the Commission.

Sincerely yours,

Clarke W. Brinckerhoff

12



**MIKE CARUSO**

CLERK OF THE CIRCUIT COURT & COMPTROLLER
PALM BEACH COUNTY, FLORIDA

**RECEIPT**

6352376

Printed On:
07/10/2026 09:57
Page 1 of 1

| Receipt Number: 6352376 - Date 07/10/2026  Time 9:57AM | | | |
|---|---|---|---|
| **Received of:** | Cortney Walters<br>2719 Hollywood Blvd., Suite A-1969<br>2719 Hollywood Blvd., Suite A-1969<br>Hollywood, FL 33020 | | |
| **Cashier Name:** | ADMIN | **Balance Owed:** | 185.00 |
| **Cashier Location:** | E-Filing | **Total Amount Paid:** | 185.00 |
| **Receipt ID:** | 12824490 | **Remaining Balance:** | 0.00 |
| **Division:** | RE: County Civil Central - RE(Civil) | | |

| Case# 50-2026-SC-014638-XXXA-MB -- PLAINTIFF/PETITIONER: ALPHONSE, DAJAUN | | | |
|---|---|---|---|
| **Item** | **Balance** | **Paid** | **Bal Remaining** |
| Fees | 185.00 | 185.00 | 0.00 |
| **Case Total** | **185.00** | **185.00** | **0.00** |

| Payments | | |
|---|---|---|
| **Type** | **Ref#** | **Amount** |
| EFiling_CREDITCARD | 19668712 | 185.00 |
| **Total Received** | | **185.00** |
| **Total Paid** | | **185.00** |

**How was your service today?**  Please visit www.mypalmbeachclerk.com/survey or send your feedback to clerkweb@mypalmbeachclerk.com.

**For office locations and information about Clerk & Comptroller services:**
Visit www.mypalmbeachclerk.com or call (561) 355-2996.



NOT A CERTIFIED COPY

IN THE COUNTY COURT IN AND FOR PALM BEACH COUNTY, FLORIDA

UNIFORM CASE NO: 50-2026-SC-014638-XXXA-MB
DIVISION: RE: County Civil Central - RE (Civil)

DAJAUN ALPHONSE
        PLAINTIFF(S)
   VS-

EQUIFAX INFORMATION SERVICES, LLC
     DEFENDANT(S)

### NOTICE TO APPEAR
### FOR PRE-TRIAL CONFERENCE/MEDIATION

STATE OF FLORIDA - NOTICE TO PLAINTIFF(S) AND DEFENDANT(S)

**EQUIFAX INFORMATION SERVICES, LLC**
**1550 PEACHTREE ST NW**
**ATLANTA, GA   30309**

YOU ARE HEREBY NOTIFIED that you are required to appear in person or by attorney at the Palm Beach County Courthouse in Courtroom 6M (Main Branch) MB, 205 N. Dixie Highway West Palm Beach FL 33401, on August 6, 2026 at 9:15 AM for a PRETRIAL CONFERENCE before a Judge of this court.

### IMPORTANT - READ CAREFULLY
### THE CASE WILL NOT BE TRIED AT THAT TIME
### DO NOT BRING WITNESSES - APPEAR IN PERSON OR BY ATTORNEY

The defendant(s) must appear in court on the date specified in order to avoid a default judgment. The plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the court by the plaintiff(s) or the defendant(s) shall not excuse the personal appearance of a party or its attorney in the PRETRIAL CONFERENCE. The date and time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval.

Any business entity recognized under Florida law may be represented at any stage of the trial court proceedings by any principal of the business entity who has legal authority to bind the business entity or any employee authorized in writing by a principal of the business entity. A principal is defined as being an officer, member, managing member, or partner of the business entity. Written authorization must be brought to the Pretrial Conference.

The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute, state what efforts have been made to settle the dispute, exhibit any documents necessary to prove the case, state the names and addresses of your witnesses, stipulate to the facts that will require no proof and will expedite the trial, and estimate how long it will take to try the case.

FILED: PALM BEACH COUNTY, FL, MICHAEL A. CARUSO, CLERK, 07/10/2026 10:08:30 AM

Mediation may take place at the pretrial conference. Whoever appears for a party must have full authority to settle. Failure to have full authority to settle at this pretrial conference may result in the imposition of costs and attorney fees incurred by the opposing party.

If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the court. The court may or may not approve a payment plan and may withhold judgment or execution or levy.

**RIGHT TO VENUE. The law gives the person or company who has sued you the right to file in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s), have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following: (1) where the contract was entered into; (2) if the suit is on an unsecured promissory note, where the note is signed or where the maker resides; (3) if the suit is to recover property or to foreclose a lien, where the property is located; (4) where the event giving rise to the suit occurred; (5) where any one or more of the defendants sued reside; (6) any location agreed to in a contract; (7) in an action for money due, if there is no agreement as to where suit may be filed, where payment is to be made.**

If you, as the defendant(s), believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer, or you must file a WRITTEN request for transfer in affidavit form (sworn to under oath) with the court 7 days prior to your first court date and send a copy to the plaintiff(s) or plaintiff's(s') attorney, if any.

If you are a self-represented litigant and do not have an attorney, you may register with the Clerk of the Court to enroll in service by email whereby all future correspondences, motions or orders of the Court pertaining exclusively to this matter will be served upon you at the email address you provide. For more information on Service by Email, see Administrative Order 2.310-1/18 available on the Fifteenth Judicial Circuit's website.

If you need help finding an attorney, you may contact your local Palm Beach County Bar's Lawyer Referral Service online at https://www.palmbeachbar.org/lawyer-referral-service/ or by calling 561-687-3266.

A copy of the statement of claim shall be served with this summons.

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE:  You are commanded to serve this summons and a copy of the complaint in this lawsuit on the above named person.

**"If you are a <u>person with a disability</u> who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings Jr., Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

DATED: 10th of July, 2026



**MICHAEL A. CARUSO**

**Clerk of the Circuit Court & Comptroller**

By: *John Taylor*
     Deputy Clerk

Cc:

DAJAUN ALPHONSE    1217 MADISON CHASE APT 2 WEST PALM BEACH, FL   33411

WALTERS, CORTNEY 2719 HOLLYWOOD BLVD., SUITE A-1969  HOLLYWOOD FL 33020

FILED: PALM BEACH COUNTY, FL, MICHAEL A. CARUSO, CLERK, 07/10/2026 10:08:30 AM

EN EL TRIBUNAL DEL CONDADO, EN Y  DEL CONDADO DE PALM BEACH, FLORIDA

CAUSA  NO: 50-2026-SC-014638-XXXA-MB
DIVISION: -RE: County Civil Central - RE (Civil)

DAJAUN ALPHONSE
DEMANDANTE(S),
VS-

EQUIFAX INFORMATION SERVICES, LLC
DEMANDADO(S)

### NOTICIA PARA COMPARECER
### A CONFERENCIA PREVIA AL JUICIO/MEDIACION

ESTADO DE LA FLORIDA - NOTIFICACIÓN A LOS DEMANDANTES Y A LOS DEMANDADOS

**EQUIFAX INFORMATION SERVICES, LLC**
**1550 PEACHTREE ST NW**
**ATLANTA, GA   30309**

DIRECCION ADICIONAL:

SE LE AVISA POR ESTE MEDIO que usted deberá comparecer personalmente o representado por un abogado en la Sala 6M (Main Branch) MB, 205 N. Dixie Highway West Palm Beach FL 33401 del Tribunal del Condado de Palm Beach, el día August 6, 2026, a las 9:15 AM, para una CONFERENCIA PREVIA AL JUICIO.

### IMPORTANTE – LEA CUIDADOSAMENTE

**ESTE CASO NO SERA JUZGADO DURANTE LA CONFERENCIA PREVIA AL JUICIO, PERO PUEDE TRATAR DE RESOLVERSE POR MEDIO DE MEDIACION ESE DIA.**

**NO TRAIGA TESTIGOS.  USTED TIENE QUE COMPARECER PERSONALMENTE O SER REPRESENTADO POR UN ABOGADO.**

El demandado(s) debe comparecer en el tribunal en la fecha concretada para evitar una sentencia por rebeldía. El demandante(s) debe comparecer para evitar que el caso se desestime por falta de acusación. Una PETICIÓN o CONTESTACIÓN por escrito para el Juez por parte del demandante(s) o el demandado(s) no eximirá a la parte ni a su abogado de comparecer en persona en la CONFERENCIA PREVIA AL JUICIO. La fecha y la hora de la conferencia previa al juicio NO se puede cambiar sin un motivo legítimo y previa aprobación del Juez.

Cualquier entidad comercial reconocida bajo la Ley de Florida puede ser representada en cualquier etapa de los actos procesales del Tribunal de Primera Instancia por cualquier poderdante de la entidad comercial que tenga la autoridad legal de obligar a la entidad comercial o cualquier trabajador autorizado por escrito, por un poderdante de la entidad comercial. Un poderdante se define como un agente, miembro, miembro gerente o socio de la entidad comercial. Se debe traer la autorización por escrito a la Conferencia Previa al Juicio.

El propósito de la conferencia previa al juicio es para hacer constar su comparecencia, para determinar si usted admite toda o parte de la demanda, para permitir que el Juez determine el índole del caso y para fijar el caso para juicio si el caso no se puede resolver en la conferencia previa al juicio. Usted y su abogado deberán estar preparados para consultar con el Juez y para explicar brevemente el índole de su disputa, indicar qué esfuerzos se han hecho para resolver la disputa, presentar los documentos necesarios para demostrar su caso, indicar los nombres y las direcciones de sus testigos, acordar los hechos que no han de ser demostrados y que facilite el juicio, y calcular cuánto tiempo durará el juicio en este caso.

Puede que la mediación se celebre en la conferencia previa al juicio. Quien sea que comparezca en nombre de una parte debe tener plena autoridad para llegar a un acuerdo. La falta de tener plena autoridad para llegar a un acuerdo en esta conferencia previa al juicio puede resultar en la imposición de gastos y de honorarios asumidos

FILED: PALM BEACH COUNTY, FL, MICHAEL A. CARUSO, CLERK, 07/10/2026 10:08:30 AM

por la parte contraria.

Si admiten a la demanda, pero desean tiempo adicional para pagar, deben venir y presentar las circunstancias ante el Juez. Puede que el Juez apruebe el plan de pagos, o puede que no y podría retener la sentencia o la ejecución o el gravamen.

DERECHO A JURISDICCIÓN. La ley le da a la persona o empresa que le haya demandado el derecho a entablar en cualquiera de los sitios en la lista a continuación. Sin embargo, si ha sido demandado en cualquier lugar aparte de uno de estos sitios, usted, como el demandado(s), tiene el derecho a pedir que el caso sea trasladado a un lugar o jurisdicción adecuado. Un lugar o jurisdicción adecuado puede ser uno de los siguientes: (1) El lugar donde se celebró el contrato; (2) Si la demanda se basa en una nota de pago sin garantía, donde se firmó la nota de pago o donde reside el deudor; (3) Si la demanda es para recuperar propiedad o para ejecutar un gravamen, el lugar donde se ubica la propiedad; (4) El lugar donde ocurrió el evento que causó la demanda; (5) donde resida/n uno o más de los demandado(s); (6) Cualquier lugar acordado en un contrato; (7) en una demanda por dinero debido, si no hay un acuerdo en cuanto a dnde puede ser entablada la demanda, donde haya de ser pagado.

Si usted/es, como el/los demandado(s), cree que el demandante/es no ha entablado la demanda en uno de estos lugares correctos, debe comparecer el día de su fecha de comparecencia y oralmente pedir un traslado, o debe presentar una petición de traslado POR ESCRITO en forma de affidavit (bajo juramento) 7 días antes de su primera fecha de comparecencia y mandar una copia al demandante(s) o al abogado(s) del demandante(s), si es que hay alguno.

Si usted es un litigante representandose a sí mismo y no tiene un abogado, se puede inscribir con la Secretaria del Tribunal para recibir aviso por email por medio del cual toda correspondencia futura, peticiones u órdenes judiciales exclusivamente relacionadas a esta causa se le notificarán al correo de email que usted proporcione. Para más información sobre la Notificación por Email, véase la Norma Administrativa No. 2,310-1/18, disponible en la página web del Decimoquinto Circuito Judicial.  Si necesita ayuda para encontrar a un abogado, puede ponerse en contacto con su servicio local de referencias de Abogados del Condado de Palm Beach por internet, en la página: https://www.palmbeachbar.org/lawyer-referral-service/, o llamando al 561-687-3266

Una copia del escrito de demanda se debe entregar con esta citación.

**"Si usted es una <u>persona con una discapacidad</u> que necesita alguna acomodación para poder participar en este proceso, usted tiene el derecho, sin costo alguno, a que le proporcionen cierta asistencia. Por favor, póngase en contacto con William Hutchings Jr., Americans with Disabilities Act Coordinator [Coordinadora de la Ley sobre Estadounidenses con Discapacidades], Palm Beach County Courthouse [Tribunal del Condado de Palm Beach], 205 North Dixie Highway, West Palm Beach, FL 33401; Número de teléfono (561) 355-4380, por lo menos (7) días laborales antes de su fecha de comparecencia u otra actividad judicial; o inmediatamente después de haber recibido esta notificación, si el tiempo antes de su fecha de comparecencia es de menos de (7) días laborales. Si usted tiene alguna discapacidad auditiva o del habla, llame al 711."**

FECHADO EN EL CONDADO DE PALM BEACH, FLORIDA, 10th of July, 2026

MICHAEL A. CARUSO
Secretaria & Auditora

NOT A CERTIFIED COPY

NAN TRIBINAL KI REGLE TI ZAFE NAN E  POU KOMIN PALM BEACH, FLORID

NIMERO KA: 50-2026-SC-014638-XXXA-MB-
DIVISYON: RE: County Civil Central - RE (Civil)

DAJAUN ALPHONSE
           DEMANDAN,
        VS-

EQUIFAX INFORMATION SERVICES, LLC
           DAFANDAN.

### AVETISMAN  POU PRESANTE W
### POU YON KONFERANS /MEDIASYON AVAN JIJMAN

ETA FLORID LA - AVETISMAN POU DEMANDAN (YO) AVEK DEFANDAN (YO).

**EQUIFAX INFORMATION SERVICES, LLC**
**1550 PEACHTREE ST NW**
**ATLANTA, GA   30309**

YO AVETI- W  KE OU DWE PARET AN PESONN OSWA PA YON AVOKA NAN TRIBINAL KOMINN  PALM BEACH LA NAN SAL 6M (Main Branch) MB, 205 N. Dixie Highway West Palm Beach FL 33401, A August 6, 2026, NAN 9:15 AM, POU YON KONFEARANS.

### INPÓTAN - LI AVEK ATENSYON.

**KA SAA PAP JIJE PANDAN KONFERANS AVAN JIJMAN AN, MEN NOU KA ESEYE REZOUD KA A  NAN MEDIASYON JOU SA A.**

**PA MENEN TEMWEN OU DWE PRESANTE TET OU OSWA YON AVOKA KAPAB PARET POU OU.**

Moun ki defandè (yo) dwe konparèt pèsonèlman nan tribinal nan dat ki mansyone a pou evite yo fè jijman padefo kont yo. Moun ki se pleyan yo dwe konparèt tou yon fason pou evite yo rejte plent yo a pou absans pousuit. MOSYON oswa REPONS alekri pleyan oswa defandè (yo) ap depoze nan tribinal pa dwe sèvi kòm eskiz pou pati konsène yo oswa avoka yo pa vini pèsonèlman nan SEYANS PRELIMINÈ k ap fèt avan jijman an. Dat ak lè seyans preliminè a PA POSIB pou ranvwaye san motif valab ni san apwobasyon davans tribinal la.

Kèlkeswa antite komèsyal ki legalman rekoni daprè lalwa Eta Florid gen dwa gen prensipal responsab oswa reprezantan ofisyèl ki pou reprezante li kèlkeswa lè a nan tout etap pwosesis jidisyè a oswa nenpòt anplwaye ki otorize ak mandate alekri pou reprezante li. Prensipal responsab vle di swa yon dirijan, manb, manb dirijan, oswa asosye antrepriz komèsyal sa a. Ou dwe pote yon kopi otorizasyon alekri sa a nan seyans preliminè a.

Objektif seyans preliminè a se pou anrejistre prezans ou, detèmine si ou admèt ak tout oswa ak yon pati plent ki te fèt kont ou a, pou detèmine kalite ka a ak pou deside ki dat ka a prale nan jijman sizoka pa gen mwayen jwenn solisyon pou rezoud sa a nan seyans preliminè a. Ni ou ni avoka a ta dwe prepare nou pou reyini ak tribinal la, pou esplike rapidman sou ki bit nou kanpe, ki efò nou te eseye fè pou rezoud sa ak founi tout dokiman nesesè pou pwouve kòz n ap defann nan, bay non ak adrès tout moun k ap sèvi nou kòm temwen, etale lòt detay ki pa bezwen okenn prèv ki kab fè jijman an fèt pi vit, epi estime konbyen tan konsa jijman kab dire.

Gen dwa tou gen medyasyon ki fèt nan seyans preliminè avan jijman an. Kèlkeswa moun ki prezante nan non youn nan pati konsène yo dwe gen tout otorite pou negosye nan seyans preliminè sa a ki kapab lakoz

FILED: PALM BEACH COUNTY, FL, MICHAEL A. CARUSO, CLERK, 07/10/2026 10:08:30 AM

pati advès la gen pou peye yon seri frè tribinal ak onorè avoka.

Si w asepte ak demand la men ou ta renmen jwenn plis tan pou jis ou fin peye, ou dwe vin pran lapawòl pou eksplike jij la sitiyasyon ki lakoz sa. Jij la gen dwa apwouve oswa pa apwouve yon plan pèyman epi li gen dwa swa kenbe jijman an sispann pou ou, swa bay lòd pou fè egzekite jijman an oswa pou fè prelèvman sou ou.

**DWA LOKAL. Lalwa bay moun oswa konpayi k ap pousuiv ou a dwa pou depoze plent li nan youn nan adrès ki site pi ba a. Men, si gen plent lajistis ki fèt kont ou yon lòt kote ki pa fè pati lis ki pi ba a, antanke defandè, ou gen dwa mande pou transfere plent sa yo sòti yon kote pou ale nan yon lye oswa lokal ki pi apwopriye. Lokal apwopriye k ap pi bon pou ou gen dwa se: (1) kote kontra te siyen an; (2) kote pwosè a ap fèt sou baz resi oswa biyè san garanti ki te bay, kote yo te siyen biyè a oswa adrès kote moun ki te fè biye a (yo) abite; (3) si pwosè a se pou rekouvre yon byen oswa sispann yon privilèj, kote byen an lokalize a; (4) kote evènman ki te lakoz jijman an te pase a; (5) kote youn oswa plizyè nan defandè yo asiyen yo abite; (6) nenpòt lye oswa kote pati konsène yo te antann yo nan kontra a; (7) nan yon aksyon lajistis pou remèt lajan, si pa t gen okenn akò sou ki kote pou ta fè pwosè, ki kote lajan an ta dwe peye.**

Si, antanke defandè, ou panse pleyan an (yo) pa fè asiyasyon li an nan youn nan kote sa yo, jan li ta dwe fè sa, ou dwe konparèt kan menm nan dat pou prezante nan tribinal la pou mande vèbalman pou yo transfere ka a pou ou, oubyen se pou w ranpli yon afidavi notarye (deklarasyon sou sèman) pou w fè demand fòmèl ou ALEKRI pou mande transfere ka a pou ou 7 jou avan premye dat w ap gen pou vin nan tribinal la, epi voye yon kopi bay pleyan oswa bay avoka pleyan an, si li genyen.

Si se ou menm k ap plede koz la pou tèt ou san avoka ki pou reprezante w, se pou w al nan biwo Grèf tribinal la pou enskri non ou ak bay adrès imèl ou nan sèvis kourye elektwonik la. Konsa, w ap kapab resevwa tout fiti korespondans, mosyon, oswa òdonans tribinal la ap bay ki gen rapò espesifik ak ka w la anpatikilye. Pou plis enfòmasyon konsènan sèvis kourye elektwonik la, gade nan Lòd Administratif 2.310-1/18 ki disponib sou sit entènèt Kenzyèm Sikui Jidisyè a.

Si w bezwen èd pou w jwenn yon avoka, ou mèt kontakte Sèvis Referans Anliy Bawo Avoka nan Rejyon Palm Beach nan: https://www.palmbeachbar.org/lawyer-referral-service/, oswa ou gen dwa rele nimewo 561-687-3266.

Dwe gen yon kopi deklarasyon plent sa a ki dwe tache ak konvokasyon sa a.

**"Si ou se yon moun ki enfim ki bezwen akomodasyon pou w kab patisipe nan pwosedi sa a, ou gen dwa, san ou pa bezwen peye okenn lajan, pou w jwenn yon sèten èd. Tanpri kontakte William Hutchings Jr., Kòdonatris pwogram Lwa Ameriken pou Moun ki Enfim yo nan Tribinal Rejyon Palm Beach ki nan adrès 205 North Dixie Highway, West Palm Beach, Florida 33401; telefòn li se (561) 355-4380, fè sa omwen 7 jou anvan dat ou gen randevou pou parèt nan Tribinal la, oswa fè sa imedyatman apre ou fin resevwa konvokasyon an si dat ou gen pou w parèt nan tribinal la mwens pase 7 jou; si ou gen pwoblèm pou w tande byen oswa pou w pale klè, rele 711."**

FILED: PALM BEACH COUNTY, FL, MICHAEL A. CARUSO, CLERK, 07/10/2026 10:08:30 AM